Rivera *v.* The Registrar of Property of Caguas.

Appeal from a Decision of The Registrar of Property of Caguas.

No. 26.—Decided June 14, 1909.

Proceedings to Establish a Dominion Title—Citation of Adjacent Owners—Curable Defects.—Section 395 of the Mortgage Law does not require that owners of adjacent properties be summoned in proceedings to establish a dominion title, and, therefore, the failure to cite the owners of contiguous lands does not constitute a defect in the record of the proceedings to establish a dominion title.

The facts are stated in the opinion.

Mr. Justice MacLeary delivered the opinion of the court.

The petitioner, Julián C. Rivera, in his capacity as testamentary executor of his mother, Mrs. María Bautista Colón y Colón, who died in Coamo, P. R., on June 28, 1907, appeared before the District Court of the Judicial District of Ponce, P. R., in order to establish the ownership by his deceased mother of four parcels of land, two of which being in the municipal district of Coamo, P. R., belong to the Registry of Property of Ponce; another being in the municipal district of Barranquitas, belongs to the Registry of Property of Caguas.

After the proceedings had been prosecuted, with all the legal formalities, the said District Court of Ponce rendered judgment on the 11th of March, 1909, ordering that the ownership of the two properties mentioned be recorded in favor of the succession of the deceased Mrs. Colón in the respective

registries, from which judgment no appeal whatever was taken within the time prescribed by law.

After a certified copy of this document had been issued, it was presented at the same time in the Registries of Property of Ponce and of Caguas, for registry, in each of them, of the properties belonging to the respective districts. The registrar of the former recorded them without making any objection, and that of the latter—that is to say, the Registrar of Caguas—set down the following defect in his entry:

"The document is registered with the remediable defect that it does not appear from the document that the owners of the adjacent properties have been cited, a circumstance that must be recorded in the respective record, as required by the rules annexed to the General Regulations for the Execution of the Mortgage Law, which Mortgage Law is explained and supplemented by said rules and regulations."

The attorney in fact of the plaintiff, Mr. Julián C. Rivera, was notified of this entry, on May 28, 1909, as appears from the following note upon the same document:

"The note of defects to which the preceding entry refers has been communicated to the interested party."

The decision of the registrar, given in full, is in the following words:

"There has been recorded the annexed document relating to the properties belonging to the district of this registry of property on folios 102 and 103 of volume 19 of Barros and eight of Barranquitas, properties Nos. 1153 and 399, first entries, respectively, with the remediable defect that it does not appear from the document that the owners of the adjacent properties had been cited, a circumstance that must be recorded in the respective record, as required by the rules annexed to the General Regulations for the Excution of the Mortgage Law, which Mortgage Law is explained and supplemented by said rules and regulations."

The present appeal is taken and presented in this court raising the following questions:

First. Can a registrar of property, in his decision, take into account errors of procedure on which a judgment is based?

Second. Does it constitute a defect in the proceedings to establish a dominion title, when the owners of the contiguous properties have not been cited?

Under our view of the proper answer to the second question it is not necessary to consider the first question at all, and we pass it over and proceed to examine the second.

Section 395 of the Mortgage Law, in the second paragraph thereof, reads as follows:

"The judge shall give a copy of this document to the Department of Public Prosecution, shall cite the person from whom the property was acquired, or his legal representative, should he be known, and the persons who have any property right in said property; he shall admit all the pertinent proofs which may be offered by the claimant, by the interested persons cited, or by the Department of Public Prosecution, within the period of 180 days, and he shall issue a call for the unknown persons whom the desired record might prejudice, by means of proclamations posted in public places, and which shall be published three times in the official papers of the proper colony, so that they may appear, if they desire to substantiate their claim.

"If the persons to be cited should be absent, the procedure established for citations in rule number five of article 391 shall be pursued."

We have recently decided that under this section it is not necessary to summon the owners of the adjacent properties in a proceeding to establish the ownership to lands by dominion title. (See the case of *Calzada* v. *Carrero,* decided on the 2d day of the present month.) This decision is also supported by the opinion of the court in the case of *González* v. *The People of Porto Rico,* 10 P. R. Rep., 468. We must therefore hold that the failure to cite the owners of the contiguous lands does not constitute a defect in the proceedings of a court determining the question of a dominion title, and that the regis-

trar of Caguas committed an error in making the decision which he did. Consequently said decision should be reversed and the registrar directed to reverse his order made herein, in accordance with this opinion, admitting the judgment of the court establishing the dominion title to be inscribed without qualifications or reservations of defects remediable or otherwise.

*Reversed.*

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.